# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Luis S.R.,

    Petitioner,

v.

Immigration and Customs Enforcement (ICE); Eric Klang, *in his official capacity as Sheriff of Crow Wing County, Minnesota*; David Easterwood, *in his official capacity as Acting Field Office Director of the Saint Paul Field Office, Enforcement and Removal Operations, U.S. Immigration & Customs Enforcement*; Todd Lyons, *in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement*; Kristi Noem, *in her official capacity as U.S. Secretary of Homeland Security*; and Pamela Bondi, *in her official capacity as Attorney General of the United States*,

    Respondents.

Civ. No. 26-1482 (JWB/ECW)

**ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER**

---

Petitioner Luis S.R. moves for a temporary restraining order ("TRO") to prevent his transfer from this District to a facility in Louisiana. (*See* Doc. No. 14, TRO.) The motion arises in the context of his pending habeas petition challenging his continued detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001). (*See* Doc. No. 12.)

The current record is unclear. Petitioner asserts that there is no meaningful likelihood of removal in the reasonably foreseeable future, Immigration and Customs Enforcement has not identified a country willing to accept him, and no concrete removal

plan exists. (TRO at 4–5.) Respondents, by contrast, state in a declaration that Petitioner has been conditionally approved for transfer to a southern border field office for purposes of removal to Mexico and that removal was anticipated before being halted by earlier court intervention. (Doc. No. 3 at 1, 4–5, 11–12; Doc. No. 4 ¶¶ 22, 25–27.)

The incongruity here matters. A TRO requires a clear showing under the *Dataphase* factors, including a likelihood of success on the merits. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). On this record, the likelihood-of-success inquiry is contested and uncertain. This Court cannot determine, based on the present submissions, whether removal is meaningfully foreseeable within the meaning of *Zadvydas*, or instead remains speculative.

At the same time, the equities support a brief maintenance of the status quo. *See id.* Petitioner represents that he is at risk of imminent transfer out of this District. A transfer could complicate Petitioner's access to counsel and disrupt ongoing judicial review. Removal from the United States would irreversibly alter the posture of this case and may moot Petitioner's habeas claim before the request for relief can be meaningfully evaluated.

A short administrative restraint is therefore appropriate—not as a determination on the merits, but to allow this Court to obtain a clearer record before ruling on the requested relief.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Petitioner Luis S.R.'s Motion for Temporary Restraining Order (Doc. No. 14) is **GRANTED IN PART** and **DENIED IN PART**.

2.      Temporary Restraining Order (Status Quo Preservation). Respondents are temporarily restrained, for a period of 72 hours from the entry of this Order, from:

     a.      Transferring Petitioner Luis S.R. out of this District **or**

     b.      Removing Petitioner from the United States, unless further extended by the Court.

3.      Supplemental Declaration. Within 48 hours from the entry of this Order, Respondents shall file a declaration addressing, with specificity:

     a.      The purpose of the proposed transfer to Louisiana, including whether it is part of a concrete plan for removal;

     b.      Whether any country—specifically Mexico—has approved or agreed to accept Petitioner, and the basis for that representation;

     c.      Whether a removal date has been scheduled or is anticipated, and what steps remain before removal can occur;

     d.      Whether any travel documents, diplomatic assurances, or other acceptance materials have been obtained; and

     e.      What arrangements, if any, have been made to ensure continuity of medical care and access to counsel in the event of transfer.

4.      Petitioner's Response. Petitioner may file a response within 24 hours of Respondents' supplemental filing.

5.      Further Proceedings. This Court will determine whether further injunctive relief is warranted upon review of the supplemental submissions.

This Order preserves the status quo for a limited period only. It does not reflect a determination that Petitioner has satisfied the requirements for a temporary restraining order or that he is likely to succeed on the merits of his habeas claim.

Date: March 17, 2026                          *s/ Jerry W. Blackwell*
Time: 7:00 p.m.                               JERRY W. BLACKWELL
                                              United States District Judge